IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHICAGO SWEETENERS, INC.,

                              Plaintiff,                    Case No. 3:08 CV 1928

              -vs-
                                                           MEMORANDUM   OPINION
KANTNER GROUP, INC.,

                              Defendant.

KATZ, J.

          This matter is before the Court on Defendant Kantner Group, Inc.'s ("Defendant") motion

to set aside the entry of default and default judgment.  (Doc. 14).  Plaintiff Chicago Sweeteners,

Inc. ("Plaintiff") has filed a brief in opposition to Defendant's motion (Doc. 19) and Defendant has

filed a reply (Doc. 22).

## I.  Background

          On August 11, 2008, Plaintiff filed a Complaint alleging breach of contract against

Defendant.  (Doc. 1 at ¶ 7).  Plaintiff alleged that Defendant failed to perform under the terms of

their contract and that, as a result, Plaintiff suffered damages.  (Doc. 1 at ¶ 20).

          On September 29, 2008, Plaintiff served Defendant with the Complaint by certified mail.

(Doc. 6 at 1).  That day, Carlene Koch, administrative assistant at Kantner Group, Inc., signed a

return receipt for certified mail containing the Summons and the Complaint addressed to: "The

Kantner Group, c/o Douglas Kantner [president]".  Part of Ms. Koch's regular duties as an

administrative assistant at Kantner Group, Inc. included picking up mail from the post office,

signing for all certified mail, sorting and distributing the mail, and opening the mail addressed to

Douglas Kantner.  (Doc. 14 at 4); (Aff. Carlene Koch at ¶¶ 2, 3).  On October 6, 2008, Plaintiff

filed the return of service.  (Doc. 5).

On October 28, 2008, Plaintiff entered an application for entry of default, stating that Defendant "failed to plead or otherwise defend" within the time frame set forth under the Federal Rules of Civil Procedure.  (Doc. 6 at 1).  The next day, October 29, 2008, the Court entered default.  (Doc. 7).  On December 8, 2008, Plaintiff moved for default judgment under Fed. R. Civ. P. 55(b)(2).  (Doc. 8).  Two days later, on December 10, 2008, the Court entered default judgment. (Doc. 10).  The Court entered judgment against Defendant "in the amount of $1,339,233.70, plus post judgment interest.  Costs to be paid by Defendant."  (*Id.*).

On February 5, 2009, Defendant moved to set aside the entry of default and default judgment and to stay the execution of default judgment pending disposition of the motion.  (Doc. 14).  In support of the motion, Defendant contends that good cause exists to set aside default and default judgment.  Defendant argues (1) that Plaintiff will not be prejudiced by setting aside default; (2) Defendant was not culpable in bringing about the cause for default; and (3) Defendant's defenses are meritorious and weigh against a granting of default judgment.  (Doc. 14). Ms. Koch claims to have no specific recollection of signing for any certified mail received on September 29, 2008, nor does she recall opening mail which included a summons and a complaint against Kantner Group, Inc.  (Aff. Carlene Koch at ¶¶ 8, 9).  Mr. Kanter also has no recollection of receiving the certified mail until January 24, 2009, after the Court had already entered default judgment.  (Aff. Douglas Kanter at ¶¶ 3-5).  In opposition, Plaintiff argues that Defendant has not established good cause and that the factors outlined in Defendant's motion weigh against granting relief to Defendant.  (Doc. 19).

## II.      Discussion

2

Fed. R. Civ. P. 55(c)  governs the setting aside of default and default judgment.  Rule 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Since default judgment has been entered in this case, Rule 60(b) applies.  Rule 60(b) states in pertinent part, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."  In deciding whether to set aside a default judgment, the Sixth Circuit has stated that "a stricter standard applies for setting aside a default once it has ripened into a judgment." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (1992).  Additionally, "once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Id.*

The Court looks at specific factors in determining whether relief from a default judgment is appropriate.  The factors include: (1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced.  *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).  In *Waifersong*, the Sixth Circuit laid out the procedure which governs this Court's analysis of the first factor:

> In practice, however, the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry.  When relief is sought under Rule

> 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence,
> surprise, or excusable neglect."

976 F.2d at 292. When, as here, the Defendant seeks relief from a default judgment based on Rule

60(b)(1), *Waifersong* dictates that Defendant has the initial burden of showing that the default

resulted from mistake, inadvertence, surprise, or excusable neglect before the Court considers the

existence of any meritorious defenses or potential prejudice to Plaintiff. *Id.* ("It is only when the

defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy

the other two factors").

Here, Defendant argues that failure to plead or otherwise defend directly results from a

mistake in handling the Complaint that Plaintiff sent to Defendant via certified mail. Defendant's

brief states that "Defendant can only surmise that Mr. Kantner's mother, Carlene Koch,

mistakenly or inadvertently lost the certified mail containing the summons and Plaintiff's

Complaint somewhere between picking it up at the post office and opening it upon her return to

the office." (Doc. 14 at 11). Mr. Kantner claims that in December 2008 and January 2009, he did

not open his mail on a regular daily basis." (Douglas Kanter Aff. at ¶ 8). Thus, Defendant claims

no actual notice of the pending litigation as explanation for the delay leading to default, and

finally, default judgment. In sum, Defendant argues that the source of the "mistake, inadvertence,

surprise, or excusable neglect" was lack of notice of the suit against Defendant.

This is not the first time in the Sixth Circuit that the following scenario has occurred: (1) a

plaintiff properly serves a defendant the complaint and summons using certified mail in

accordance with state law; (2) the defendant fails to answer; (3) the district court enters default

and default judgment against the defendant; (4) the defendant files a motion to set aside the default

judgment for lack of awareness of the suit; and (5) the district court denies the motion to set aside

4

the default judgment because service was proper.  *See Empire Services, Inc. v. Kanza*, 996 F.2d

1214 (Table) (6th Cir. 1993), cert denied 510 U.S. 1072 (1994); *LSJ Inv. Co., Inc. v. O.L.D., Inc.*

167 F.3d 320 (6th Cir. 1999); *see also Dortch v. First Fidelity Mortgage Co. of Michigan, Inc.*, 8

Fed.Appx. 542 (6th Cir 2001) (reversing the district court's decision denying a motion to set aside

default judgment when the district court was unaware that a defendant was improperly served).

Of course, "[d]ue process requires proper service of process for the court to have

jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper,

the court must set aside the default judgment." *Empire Services, Inc.*, 996 F.2d at *3 (citations

omitted).  This Court already determined that service was proper on Defendant in the order

granting default judgment.  (Doc. 10).

The Sixth Circuit has stated:

> [s]ervice by certified package is a constitutionally adequate method of notice.
> *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77
> L.Ed.2d 180 (1983). The fact that [a defendant] may not have received the certified
> package does not negate the constitutional adequacy of the attempt to accomplish
> actual notice. *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996).

*Trimble v. U.S. Dep't of Agric.*, 87 F. App'x 456, 457-58 (6th Cir. 2003) (unpublished order)

(concluding that a complaint sent by certified mail to defendant's last known business address

satisfies due process).  Defendant did receive, through Ms. Koch, the Complaint and Summons

sent by Plaintiff via certified mail.  Such service is proper to put Defendant on notice of pending

litigation.  Fed. R. Civ. P. 4(e)(1) allows service of process to be performed in accordance with

state procedural rules.  Ohio Civil Rule 4.2 states:

> Service of process, except service by publication as provided in Civ.R. 4.4(A),
> pursuant to Civ.R. 4 through 4.6 shall be made as follows: . . . (F) Upon a
> corporation either domestic or foreign: by serving the agent authorized by
> appointment or by law to receive service of process; or by serving the corporation

5

by certified or express mail at any of its usual places of business; or by serving an
officer or a managing or general agent of the corporation.

Defendant admits that Ms. Koch "signed a return receipt for certified mail addressed to: "The

Kantner Group, c/o Douglas Kantner"; mail presumably containing a summons and Plaintiff's

complaint."  (Doc. 14 at 3).  Ms. Koch is the general administrative assistant responsible for

"picking up mail from the post office, signing for all certified mail, sorting and distribution of all

mail, and opening of all mail addressed to Douglas Kantner." (Doc. 14 at 3-4); (*See also* Aff.

Darlene Koch).  She is also Douglas Kantner's mother.  (*Id.*).  The return receipt containing Ms.

Koch's signature indicates that the summons and Complaint did, in fact, reach Defendant on

September 29, 2008.  (Doc. 6).  The fact that, in early August 2008, Defendant's offices moved

from 15757 Bellaire Place, Wapakoneta, Ohio, where the complaint was mailed, to 406 Cheyenne

Drive, Wapakoneta, Ohio does not mean that service was improper.  *See Trimble,* 87 F. App'x at

457-58 (concluding that a complaint sent by certified mail to defendant's last known business

address satisfies due process).  Plaintiff sent the certified mail to the address listed with the Ohio

Secretary of State for Defendant's statutory agent as of February 19, 2009.  (Doc. 19 at Ex. 2).

Furthermore, Defendant received the certified mail.  (Doc. 5).  Service was proper under the

Federal Rules of Civil Procedure, Ohio Civil Rule 4.2, and due process.  The Court does not find

mistake, inadvertence, surprise, or excusable neglect to be the cause of Defendant's delay.

Other courts have determined that "unexplained misrouted mail does not constitute a

reasonable excuse."  *In re Cendant Corp. Prides Litig.*, 157 F.Supp. 2d 376, 409 (D.N.J. 2001)

(see also *Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir. 1987) (declining to set aside default

judgment under Rule 60(b) based on the excuse that the mail clerk misplaced the Complaint)).

6

This is especially true considering the nature of Ms. Koch's duties: picking up, signing for, sorting, distributing, and opening Mr. Kantner's mail.

Since this Court does not find Defendant's delay to be a result of mistake, inadvertence, surprise, or excusable neglect, there is no occasion for this Court to determine whether Defendant's defenses are meritorious. *Waifersong*, 976 F.2d at 292. However, the Court is cognizant that the parties dispute whether the Court's grant of default judgment mistakenly awarded double damages to Plaintiff.

Defendant argues that Plaintiff cannot retain possession of goods and recover damages equal to or greater than the purchase price of the goods. Under Ohio law, when a buyer breaches a contract for the sale of goods, the seller is entitled to resell the goods that are the subject of the contract and recover the difference between the resale price and the contract price together with allowable incidentals. O.R.C. § 1302.80. The seller is not entitled to the contract price and the goods. O.R.C. § 1302.80. The default judgment damages include an amount equal to the purchase price of the goods (minus one shipment) plus warehousing costs and finance/interest costs. Here, Defendant does not dispute that Plaintiff has made reasonable efforts to resell the goods but could not. Plaintiff, on a monthly basis, has contacted customers inquiring whether they would be interested in purchasing the goods. (Dec. Tim Krellwitz). Plaintiff has had limited success which was taken into account in the judgment against Defendant. Defendant fails to proffer any evidence that suggests that such actions did not occur or were not reasonable. Accordingly, Defendant's argument fails.

7

To the extent Defendant relies on the "catch-all" provision of Rule 60(b)(6), the argument is unavailing. Rule 60(b)(6) is limited to exceptional or extraordinary circumstances. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 459 (6th Cir. 2008). No such evidence exists here.

**III.    Conclusion**

For the foregoing reasons, the Defendant's motion to set aside default and default judgment is hereby denied. (Doc. 14).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE